THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR L. MARTÍNEZ RÍOS, Defendant and Appellant.

Nos. CR-62-249, CR-62-250.     Decided October 28, 1963.

*Eduardo Negrón Rodríguez* counsel appointed by the Supreme Court to assist defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant Héctor L. Martínez Ríos was accused and convicted of the offenses of possession of heroin and the sale of said drug, and he was sentenced to imprisonment from 7 to 12 years in connection with the first offense and from 5 to 10 years in connection with the second. He assigns as error that he was sentenced for the commission of two offenses when the evidence presented only established the commission of one offense.

The error assigned was not committed for the following reasons: (1) The provisions of § 29 of the Narcotics Act (24 L.P.R.A. § 974z) show clearly that the legislator intended to punish three different situations, that is, the "holding, possession, conveyance, use, application, prescription, manufacture, preparation," that is, in this specific case

the possession; then the "transfer or receipt," that is, the sale; and finally, "the introduction, the concealing, and the transportation." Section 55 of said Act (24 L.P.R.A. § 976g) corroborates this conclusion in giving a separate and different treatment to the possession and to the sale in decreeing that the provisions on suspended sentences and on release on parole or on probation are not applicable to the person convicted for the offense of sale, yet, they are applicable to the person convicted for the possession of drugs covered by said Act.[1] (2) The fact that both offenses are incorporated in a single section is not controlling to the effect that the legislator had the intention to create a single offense. In *People* v. *Díaz*, 71 P.R.R. 472 (1950), we decided the contrary in interpreting § 21 of the Spirits and Alcoholic Beverages Act (13 L.P.R.A. § 1574). *Albrecht* v. *United States*, 273 U.S. 1 (1927). (3) It has been decided in the federal jurisdiction from where the statute under consideration is derived that a single sale may constitute more than one offense in cases like this where the evidence of the possession was different from the evidence of the sale. In *Harris* v. *United States*, 359 U.S. 19 (1959), petitioner was accused and convicted of the purchase of heroin from an unstamped package in violation of a federal statute and of receiving and concealing this same drug in violation of another federal statute, and he was sentenced to different sentences on

---

[1] In *People* v. *Arroyo*, judgment of June 26, 1963, we affirmed on other grounds three judgments sentencing *Arroyo* for three violations of the Narcotics Act, *supra*, of which he was accused and convicted of possessing, selling, concealing, and transferring heroin. Said counts were included in a single information. He was sentenced to imprisonment from 5 to 10 years in connection with each offense. The evidence consisted of the testimony of a special agent to the effect that on a particular date, place, and time he saw an undercover agent asking appellant to sell him a bag of "stuff"; that the latter took out a bag from his pants and he delivered it to the undercover agent upon payment of $5; that then the undercover agent in the presence of defendant delivered the bag to the witness, and that the contents of the bag consisted of heroin.

each count. The evidence in connection with both offenses consisted of the unstamped heroin and of the testimony that petitioner possessed it. It was alleged as error that cumulative sentences could not be imposed. The judgments were affirmed in pursuance of *Gore* v. *United States,* 357 U.S. 386 (1958), which in turn reaffirmed the rule established in *Blockburger* v. *United States,* 284 U.S. 299 (1932). In this last case an accusation was filed against Blockburger consisting of three counts, two for sale of morphine not made from the original package and the other one for having made a sale of said drug without a written order from the purchaser as required by law. Convicted and sentenced to five years in prison and to pay a fine of $2,000 upon each of the three offenses, he assigned on appeal that the first two sales were made to the same person and, therefore, they constitute a single violation and that the second and third sale also constitute a single violation. It was decided that each transaction was a separate and different sale and that each one constituted a separate offense, that the Narcotics Act, besides constituting the first two sales as offense, also provided that transactions of a nature similar to the third sale constitute an offense; that although there was only one sale, two provisions of the statute were violated in regard to the second and third one, requiring evidence of a different element in each case; that there was no merit in the contention that the language of the penal section of the Narcotics Act to the effect that "any person who violates or fails to comply with any of the requirements of this Act" shall be punished etc., is to be construed as imposing a single punishment for the violation of the different requirements of the statute; and that the plain meaning of said provision is that each offense is subject to the penalty prescribed. *People* v. *Adorno,* 81 P.R.R. 504, 540 (1959). (4) There is no merit in the contention that according to § 33 of the Barbiturates and other Dangerous Drugs Act (24 L.P.R.A. § 974dd) "if

the sale or conveyance of heroin constitutes two offenses, it would have been proper for the trial judge to have imposed on appellant for the second offense" the penalty of 10 years to a maximum of 40 as prescribed by the aforesaid § 33, and the failure to do so indicates that it is only one offense. In the case of *People* v. *Sostre*, 86 P.R.R. 336 (1962), we concluded that in a case like this in order that a provision like the one in the aforesaid § 33 be applicable, it is necessary that there be a former conviction; no evidence having been adduced to that effect in this case, the trial judge was not in a position to pronounce sentence as previously stated. (5) The fact that said § 33 provides that every person who "violates any of the provisions in §§ 29 to 32 shall be guilty of a felony," cannot limit or modify the provisions of § 29 which provide not one but three different offenses, as we previously stated, so that the commission of any one of them entails the imposition of one or more of the penalties prescribed by the aforecited § 33. *Block-burger* v. *United States, supra.*

For the reasons stated, the judgment appealed from will be affirmed.